IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:06CR293** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **CLARENCE L. BARKER,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the parties' objections thereto (Filing Nos. 45, 46, Addendum to PSR). See "Order on Sentencing Schedule," ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The parties both object to the quantity of controlled substance attributable to the Defendant in ¶¶ 22-24 and 31 and the base offense level 26. The plea agreement reached pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) requires a base offense level of 20 based on at least 20 but less than 30 grams methamphetamine. The plea agreement also requires a 57-month sentence. In the parties' objections, they assume that the total offense level would be 17 and the sentencing range would be 51-63 months. They agree that a mid-range sentence of 57 months is appropriate. However, the parties failed to consider the following portion of the plea agreement also reached pursuant to Rule 11(c)(1)(C): "The parties agree that the Defendant possessed a firearm in connection with the offense of conviction, and that such conduct qualifies the Defendant for a two level upward adjustment pursuant to U.S.S.G. § 2D1.1(b)(1)." (Filing No. 35, ¶ 7(d).) Therefore, under the plea agreement the base offense level is 20, the adjusted offense level is 22, the

total offense is 19, the criminal history category is VI, and the sentencing guideline range is 63-78.

The Court's tentative findings are that, absent unusual circumstances, the sentencing guideline application pursuant to the plea agreement should be upheld and the total offense level should be calculated as level 19. The provision relating to the stipulated sentence of 57 months will be discussed at sentencing.

IT IS ORDERED:

1. The Court's tentative findings are that the parties' objections (Filing Nos. 45, 46, Addendum to PSR) to the PSR are granted at least insofar as the base offense level is 20, the adjusted offense level is 22, and the total offense level is 19;

2. The parties' stipulation of a 57-month sentence will be discussed at sentencing;

3. The parties are notified that my tentative findings are that the PSR is correct in all other respects;

4. If **any** party wishes to challenge these tentative findings, the party shall file, as soon as possible but in any event before sentencing, and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this order, my tentative findings may become final;

6.	Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 12th day of September, 2007.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge